**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-0230-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **FRANCISCO RAMIREZ,**
2. **JESUS MOLINA-VILLARREAL,**
3. **FNU LNU,**
4. **JAVIER SEGURA-CISNEROS,**
5. **DONDRAI FISHER, AND**
6. **KHARI SMITH**

    Defendants.

## ORDER ON PROCEDURES

THIS MATTER comes before the Court *sua sponte*. It is the Court's experience that multi-Defendant criminal cases often present unusual and significant administrative challenges for both counsel and the Court. In an attempt to preemptively alleviate some of those burdens, and to expressly advise counsel of procedures that the Court will follow,

    **IT IS ORDERED** that:

    (1)    All documents filed by any party in this case shall bear the complete case caption. If a document pertains only to a particular Defendant or Defendants, the name of such Defendant or Defendants shall be in **bold** print on the caption. The caption is deemed amended and the name of a Defendant may be removed therefrom upon the sentencing of any particular Defendant.

(2)    If a Defendant files a Notice of Disposition, that Defendant and his or her counsel are excused from participating in all subsequent hearings <u>except</u> for hearings which pertain to that Defendant, *e.g.*, change of plea and sentencing hearings.

(3)    If counsel for a Defendant is unable to attend a hearing, that Defendant may file a motion to allow substitute counsel to represent him or her at such hearing. Such motion must be filed <u>before</u> said hearing and must be accompanied by a statement that the Defendant consents to representation by substitute counsel at the particular hearing.

(4)    Any Defendant who has not filed a Notice of Disposition shall attend all scheduled hearings (apart from changes of plea or sentencing hearings for co-Defendants who have filed Notices of Disposition) with his or her counsel.  If any Defendant or defense counsel desires to waive his or her appearance at any hearing, an appropriate motion shall be filed no later than **2 business days prior to the hearing**.

(5)    With regard to any Defendant who is not in custody, a motion seeking leave to allow the Defendant to travel shall be filed at least 5 business days before the requested travel date.  No such motion will be granted unless the Office of Pretrial Services is in agreement and either (a) the Government files written assent to the travel at least 2 business days before the requested travel date or (b) the motion is stipulated.

(6)    In accordance with D.C.COLO.LCrR 12.1, the Court will not accept a "Motion to Join" in a motion filed by another party.  Instead, the Defendant should file a motion that requests specific relief and includes a title that identifies the relief requested.

In the body of the motion, the party may indicate that the party approves, adopts, or may incorporate by reference any or all of the reasons stated, arguments advanced, and/or authorities cited by a party in another motion.  The party shall identify the related motion of another party by providing at least the following information: (1) the name of the other party; (2) the precise title of the motion filed by the other party; (3) the document number assigned to the other motion by the court's CM/ECF docketing system; and (4) the date the other motion was filed.

  (7) In accordance with WJM Revised Practice Standard IX.H (effective as of December 1, 2013), counsel are strongly encouraged, to the fullest extent possible given the similarity of the facts and legal positions between or among each other, to file joint motions on all issues and matters of common ground or interest.

  (8) Counsel should carefully review the current version of the undersigned's Revised Practice Standards.  The Court will strictly enforce compliance therewith.  Please be aware of the Court's specific procedures on the following points:

   (a) <u>Severance</u>:  Although the general motions deadline governs the filing of motions to sever, please be advised that the Court will not typically rule on motions seeking severance until the time of the Final Trial Preparation Conference, at which point the contours of the case to be tried have become clearer.

   (b) <u>*James* proffers</u>: The Court does not typically conduct hearings on requests for *James* determinations of the admissibility of co-conspirator statements.  When a *James* issue is raised, the Government is required to make a written proffer containing: (i) identification of the facts showing the existence, composition, scope, and object of the conspiracy; and (ii) a specific identification of each statement that is to be

offered, its declarant, and an explanation as to how that statement is admissible under Fed. R. Evid. 801(d)(2). This proffer is made on a form available from Chambers. The form also includes a place for each Defendant to note those statements to which he or she objects and a place to state the nature of such objection. Upon its review of a completed proffer, the Court will usually issue a written ruling either: (i) finding the proffer to be *prima facie* adequate to permit the admission of the co-conspirator testimony under Rule 801(d)(2), subject to the Government establishing the necessary foundational facts at trial; or (ii) finding that specific statements are inadmissible under Rule 801(d)(2).

Dated this 11th day of June, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge