**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Action No. 14-cr-0230-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. **FRANCISCO RAMIREZ**,
2. **JESUS MOLINA-VILLARREAL,**
3. **FNU LNU,**
4. **JAVIER SEGURA-CISNEROS,**
5. **DONDRAI FISHER,** and
6. KHARI SMITH,

 Defendants.

---

**ORDER GRANTING UNOPPOSED MOTION
FOR AN ENDS OF JUSTICE CONTINUANCE OF TRIAL**

---

  This matter is before the Court on the Oral Motion for an Ends of Justice Continuance of Trial ("Motion") made by counsel for Defendant Jesus Molina-Villarreal and supplemented by counsel for Defendant Javier Segura-Cisneros at the December 3, 2014 Status Conference. (ECF No. 127). The Motion requests a 60-day ends of justice continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and for a continuance of the trial date and deadline to file motions. The Government did not oppose the Motion. The Court granted the Motion on the record, and informed the parties that it would issue an order setting forth the basis for such continuance. (*Id.*) This Order shall set forth such rationale.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> . . . .
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in

2

§ 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Id.* (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.

3

1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).

In support of the Motion, Defendants' counsel described the various factors that they believe necessitate the exclusion of an additional 60 days in this case. Specifically, this is a multi-defendant case involving six defendants who have been charged in a thirty-count indictment alleging various drug and firearm violations. (ECF No. 1.) On June 20, 2014, the Court declared the case complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). (ECF No. 66.) At the hearing, the Government noted that it had agreed to disclose a key piece of evidence on December 3, 2014 to counsel for Defendant Molina, which would place into context the body of evidence already provided through discovery and would require a review of such evidence. Furthermore, the amount of evidence at issue in this case is quite voluminous. Defendants are in the process of reviewing more than 5,000 recorded phone calls gathered from thirteen wiretapped telephones, more than 1,000 hours of surveillance video from pole cameras, and six search warrants. Significant time is required to review this evidence, and Defendants asserted that they will likely need to file discovery motions and/or suppression motions regarding such evidence. Thus, in order to adequately prepare this case for trial, Defendants have requested and the Court finds that 60 days should be excluded from the Speedy Trial Act for these purposes.

The Court finds that Defendants have shown that their interest in having adequate time to review discovery, prepare motions, and prepare for trial outweighs the

public's interest in a speedy trial. The Court also finds that the public's interest in a speedy trial will not be subverted by granting the requested 60 day continuance and, therefore, an ends-of-justice continuance is warranted pursuant to Section 3161(h)(7)(B)(iv). Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by any defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has also considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on scheduling congestion or lack of diligent preparation by counsel.

For the reasons set forth above, the Court hereby ORDERS as follows:

1. Defendants' oral motion for ends-of-justice continuance is GRANTED;
2. All days from December 3, 2014, to and including February 1, 2015, are EXCLUDED from the Speedy Trial clock pursuant to Section 3161(h)(7)(B)(iv);
3. The current Trial date, Final Trial Preparation Conference, and all pretrial deadlines and settings are hereby **VACATED** as to all Defendants; and
4. The Court hereby SETS the following schedule for the remainder of the case:
    a. All discovery motions and motions regarding the Indictment shall be filed by March 23, 2015. The Government shall respond not later than April 2, 2015.
    b. All suppression motions—including wiretap suppression motions (four corners and non-four corners)—shall be filed by May 7, 2015. The Government shall respond by May 17, 2015.

c. All motions to sever and motions pursuant to Federal Rule of Evidence 801(d)(2)(e) shall be filed by June 21, 2015. The Government's response shall be due July 1, 2015.

d. A **five-day** jury trial shall commence on **August 3, 2015 at 8:30 a.m.** in Courtroom A801.[1] A Final Trial Preparation Conference will be held at **3:00 p.m. on July 24, 2015.**

Dated this 8th day of December, 2014.

BY THE COURT:

William J. Martínez
United States District Judge

---

[1] This trial date presumes that motions will be filed in accordance with the above time frame, and which would toll the Speedy Trial clock pursuant to Section 3161(h)(1)(D). If any deadline should pass without any motions filed, the Court will have to re-examine the Speedy Trial clock and may reset the trial *sua sponte* to an earlier date to ensure that no Defendant's right to a speedy trial is violated.